UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Janine R Howard,                                      Case No.: 13-57138-wsd
                                                           Chapter 13
         Debtor.                                  Hon. Walter Shapero
_____/

**OPINION REGARDING APPLICATION FOR COMPENSATION**

       Debtor's attorney Stephen A. Thomas filed his Application for Compensation, together with corresponding amendments and supplements. the latest version of the Application seeks fees of $7,775 (reduced from an initial and superseded request of $9,275). The Court held multiple hearings on the Application. The Statement Pursuant to Fed.R.Bankr.P. 2016(b) indicates that Mr. Thomas's fee arrangement with the Debtor was a flat fee of $3,500.00, which was *inclusive* of, among other things, "[p]reparation and filing of any petition, schedules, statement of affairs and plan which may be required" and "[r]epresentation of the debtor at the meeting of creditors and confirmation hearing, *and any adjourned hearings thereof*" (emphasis added). That flat fee was *exclusive* of "[r]epresentation of the debtor in adversary proceedings and other contested bankruptcy matters[.]" In accordance with E.D. Mich. L.B.R. 2016-1(a)(3), Mr. Thomas provided a list of 86 billed services (Dkt. 79) causing the fee application to exceed the $3,500.00 threshold mandated by that provision. As such, to be allowed, each expense item must (a) qualify as an adversary proceedings or other contested matter, such that it is not already included in the indicated flat fee; and (b) be reasonable, as required by 11 U.S.C. § 330(a)(3) and the Local Rule. Mr. Thomas contends all 86 entries meet this standard and should be allowed.

       With reference to the entries on Mr. Thomas' itemized list, docket number 79 (the list was not numbered but the Court will refer to individual items by their sequential numbers, from 1 to

86), the Court will allow the services performed for the following items numbers: 1, 12-15, 19-20, 25, 29-36, 39, 42-44, 55, and 75-76, which the Court finds to be contested matters; and 77-86, which the Court finds to be adversary proceedings. The Court's reasons for doing so are as follows. Many of the listed services are not with regard to "adversary proceedings and other contested bankruptcy matters." The Court believes that a "contested matter" for these purposes would generally be one either covered by Fed.R.Bankr.P. 9014, or an activity that materially transcends the usual discussions and negotiations and give and take inherent in getting to confirmation in Chapter 13 cases. For example, certain entries refer to services Mr. Thomas provided regarding ordinary Chapter 13 case administration and plan confirmation. The Court does not believe such should be considered "contested matters." This is true notwithstanding the fact that the Chapter 13 Trustee filed an objection to the confirmation Debtor's proposed plan and some time was directed to resolving the issues raised therein. It is worth noting that most of the Chapter 13 Trustee's objections were with regard to requests that the Debtor amend her schedules and her plan, both of which are appropriately included as part of the indicated flat fee. Furthermore, these efforts are essentially inherent in all but the most unusual Chapter 13 case, and this case is not in the most unusual category or otherwise sufficiently complex or protracted. Furthermore, even if those items are deemed "contested matters," the amounts involved are not reasonable, when considered in the context of the entirety of this case and in light of the criteria set forth in 11 U.S.C. § 330(a)(3). Mr. Thomas also billed for other services explicitly and inherently included within the indicated flat fee, such as amending the Debtor's schedules and plan, and for pursuing adjournments of the confirmation hearing (which is more properly considered "[r]epresentation of the debtor at the… confirmation hearing, and any adjourned hearings thereof[.])"

The Court also notes that there are a substantial number of time entries of short duration for Mr. Thomas communicating with the Debtor. Almost all of these entries fail to sufficiently specify the purpose, nature, or subject of such communication. Keeping in mind that Mr. Thomas bears the burden of proof on this fee application, the Court has reviewed the same and has disallowed any such communications where it is not reasonably ascertainable from the timing and the context of such entry that it in fact relates to "adversary proceedings and other contested bankruptcy matters."[1]

In sum, the allowance of the above-referenced numbered items total $2,275, which, together with Mr. Thomas' $3,500 flat fee, totals $5,775. The Court believes this total amount is reasonable and is justified by the totality of the circumstances of this case. The Court will enter an order to this effect.

**Signed on November 25, 2014**

                **/s/ Walter Shapero**
                **Walter Shapero**
                **United States Bankruptcy Judge**

---

[1] The Court cannot also help but note that a fair number of the time entries involve phone calls of minimal duration that under other circumstances might very well normally be handled by staff members compensated at an hourly rate that is (a) substantially lower than Mr. Thomas' $250 hourly rate in this case; and (b) might be considered as part of office overhead deemed included in the attorney's hourly rate.